802 P.2d 1219

STATE of Idaho, Plaintiff–Respondent,

v.

Kenneth Charles HICKMAN,
Defendant–Appellant.

No. 18631.

Court of Appeals of Idaho.

Dec. 4, 1990.

David N. Parmenter, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This appeal was brought by the defendant, Kenneth Hickman, following an order denying reconsideration of a decision not to reduce his sentences imposed for second degree kidnapping and for infamous crime against nature. We affirm.

Kenneth Hickman pled guilty to charges of second degree kidnapping and of infamous crime against nature. For the kidnapping conviction, he received a unified sentence of fifteen years with a minimum period of confinement of five years. On the infamous crime charge, he received a five-year fixed sentence, to be served concurrently with the sentence on the kidnapping offense. The sentences were imposed on March 13, 1989; however, the court retained jurisdiction under I.C. § 19–2601(4) to obtain further evaluation reports. On August 28, before the period of retained jurisdiction expired, the court entered an order relinquishing jurisdiction. Hickman filed a motion on December 12 under Rule 35, I.C.R., to modify his sentences. The motion was denied by the court on December 15 without an evidentia-

ry hearing. Hickman then filed, on December 26, a motion under I.R.C.P. 59(e) to alter or amend the order entered on December 15 denying his Rule 35 motion[1] and requested a hearing on the motion. After a hearing on February 12, 1990, the court orally denied the motion to alter or amend. A written order to the same effect was subsequently filed on April 3. The next day, April 4, 1990, Hickman filed a notice of appeal from the orders entered on December 15, 1989, and April 3, 1990.

As issues on appeal, Hickman contends the district court abused its discretion by denying his Rule 35 motion, by denying his "motion to alter or amend judgment," and by imposing harsh and excessive sentences. In response, the state has raised threshold questions relating to the scope and extent of Hickman's appeal.

■ The concerns of the state need resolution, preliminarily, because they relate to the jurisdiction of this Court to conduct the review sought by Hickman. The state points out that Hickman's appeal on April 4, 1990, was not timely with respect to the judgment of conviction and sentences entered on March 13, 1989, or as to the order relinquishing jurisdiction on August 28, 1989. The state's position is well taken. *See* I.A.R. 14.[2] Nor did the filing of the motion under Rule 35 to modify his sentences preserve the right to appellate review of Hickman's conviction and sentences, because that motion was filed

more than fourteen days after the entry of the judgment. *State v. Swan,* 113 Idaho 859, 748 P.2d 1389 (Ct.App.1988); *State v. James,* 112 Idaho 239, 731 P.2d 234 (Ct. App.1986); *State v. Yarbrough,* 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984). The requirement of perfecting an appeal within the applicable time period is jurisdictional. Appeals taken after the expiration of the filing period must be dismissed. *State v. James, supra.* Consequently, we cannot consider any issues challenging the original conviction and sentencing or the order relinquishing jurisdiction because we lack appellate jurisdiction to do so.

■ Next, the state contends the appeal was not timely with regard to the order denying Hickman's motion to modify his sentence under Rule 35, since the appeal was not filed within forty-two days of the court's order denying that motion. Again, the state's assessment is correct. The time for appealing from the denial of a Rule 35 motion is not extended under I.A.R. 14 by the filing of a motion to alter or amend. Rule 14 extends the time for an appeal, when a motion is filed *"within fourteen (14) days of the entry of the judgment* which, if granted, could affect the judgment, order or sentence in the action...." (Emphasis supplied.) There is no similar abatement of the time to appeal when a motion is filed within fourteen days after the court has decided any matter other than with respect to the entry of a judg-

---

1. Although Hickman's motion under I.R.C.P. 59(e) is captioned as a "motion to alter or amend judgment," the text of the motion requests the court to alter or amend the memorandum decision of the court containing the order denying the Rule 35 motion.

2. Rule 14, I.A.R., provides, in part:
   **Rule 14. Time for filing appeals.**—All appeals permitted or authorized by these rules, except as provided in Rule 12, shall be taken and made in the manner and within the time limits as follows:
   (a) Appeals From the District Court. Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any

civil or criminal action.... The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion. In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction, up to one hundred and twenty (120) days and an extension of up to an additional sixty (60) days pursuant to Section 19–2601(4) Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run....

ment. Even though Hickman filed his motion to alter or amend the Rule 35 decision within fourteen days of that decision, the time to appeal from the decision was not tolled. When the notice of appeal was filed in April, 1990, it was well beyond the forty-two day period for appeal from the decision on December 15, 1989, which denied Hickman relief under Rule 35. As a result, we do not have jurisdiction on appeal to consider Hickman's issues relating to entry of the December 15 order.

Finally, we review the denial of Hickman's motion to alter or amend. With respect to this issue, the state argues that a motion to alter or amend is not a recognized motion under the Idaho Criminal Rules governing procedure in criminal cases and that, at best, Hickman's motion could be considered as a renewed motion to modify his sentences. Because Rule 35 prohibits a defendant from filing more than one motion seeking a reduction of sentence, the state argues that the decision to deny that motion is not an appealable order.

Hickman's "motion to alter or amend judgment" following the denial of his Rule 35 motion is not a motion which is permitted under the Idaho Criminal Rules. Indeed, the motion was nothing more than a renewed request to reduce his sentences, and the Rules specifically provide that only one Rule 35 motion to reduce sentence may be filed. Consequently, his motion was prohibited under the Rules and the court could have summarily denied it. Such a summary disposition would not have entitled Hickman to appeal under I.A.R. 11(c)(9), because it would not have been an order entered after judgment affecting substantial rights of the defendant, since Hickman had no right to file what was essentially a renewed Rule 35 motion.

The district court, however, in the exercise of its discretion, entertained the motion to alter or amend. The court held a hearing, as urged by Hickman, and reexamined the basis for the sentences imposed. The court thereafter reaffirmed its original sentences. This action by the court was "an order made after judgment affecting the substantial rights of the de-

fendant," since it denied Hickman a reduction of his sentences, and as such, this order was appealable under I.A.R. 11(c)(9). Accordingly, since the appeal was brought one day after the entry of the April 3, 1990, order denying the motion to alter or amend, the appeal was timely and this Court has jurisdiction to consider the court's denial of that motion.

After hearing the evidence and arguments, the court declined to disturb the existing sentences. The court explained why Hickman's sentences would not be modified. The court noted that it had considered Hickman's request to reduce the five-year minimum confinement or fixed portion of the sentences when initially deciding Hickman's Rule 35 motion and concluded that the sentences should remain intact. The court found Hickman not to be a candidate for probation. The court determined that:

> [T]o protect society, to rehabilitate him, to deter him and others, and as a matter of retribution, a structured environment is necessary. That the penitentiary is the place where he can receive not only a structured environment but also the tool he needs as he continues along the road to rehabilitation.

It appears that the court properly exercised its discretion in determining not to alter its earlier decision, entered without an evidentiary hearing. Accordingly, we affirm the district court's order entered April 3, 1990, denying Hickman's motion to reconsider the decision not to reduce Hickman's sentences.

SWANSTROM and SILAK, JJ., concur.