833 P.2d 116

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cristi Greig LENWAI, Defendant–Appellant.**

**No. 19410.**

Court of Appeals of Idaho.

April 7, 1992.

Petition for Review Denied June 25, 1992.

Alan E. Trimming, Ada County Public Defender; Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Cristi Greig Lenwai pled guilty to the following crimes: one count of rape, a felony, I.C. § 18–6101; two counts of second degree kidnapping, a felony, I.C. §§ 18–4501 and 18–4503; one count of the infamous crime against nature, a felony, I.C. § 18–6605; and first degree burglary, a felony, I.C. §§ 18–1401, 1402, and 1404. He appeals from the judgment of the district court imposing three unified sentences of twenty years imprisonment in the custody of the Board of Correction, with minimum periods of confinement of eight years for rape and kidnapping; a unified sentence of fifteen years imprisonment with an eight-year minimum period of confinement for burglary; and a unified sentence of five years' imprisonment with a four-year minimum period of confinement for infamous crime, with all sentences to be served concurrently. Lenwai argues on appeal that these sentences are unreasonable. He argues specifically that the eight-year minimum period of confinement is unnecessary in light of the sentencing objectives previously articulated by the Idaho appellate courts. He also contends that the district court abused its discretion in denying his motion under I.C.R. 35 for reduction of his sentences. We affirm.

The facts of the case are as follows. In November, 1990, while on probation for the crime of possession of a controlled substance, and in violation of a restraining order, Lenwai went to his ex-wife's apartment. At one o'clock in the morning, Lenwai rang the bell and asked to come inside. When his ex-wife refused to admit him, Lenwai used a screwdriver to break in through a window. Once inside the apartment, he grabbed a woman who was staying with his ex-wife and put the screwdriver to her throat. During this time, the Lenwais' three-year old daughter woke up and ran into the living room where all this was taking place. Lenwai took out a knife, forced his ex-wife to remove her clothes, forced her into the bathroom, and forced her to perform oral sex on him. Lenwai told the second woman that she was next.

Later, Lenwai allowed his ex-wife to get dressed. He forced his ex-wife, her friend, and the three-year old daughter into his ex-wife's car. The friend believed Lenwai was going to kill her because, when she asked for a drink of water, Lenwai replied that "everyone is entitled to their last drink of water." Lenwai also told her that they were going to drive into the desert and leave her there in the middle of the November night. Pursuant to his daughter's request, Lenwai relented and allowed the woman to stay in the car.

After driving around town, they returned to the apartment where Lenwai then had intercourse with his ex-wife. He fell asleep, and later woke up and went to work after making his ex-wife promise that she would not contact the police. He was arrested later that day.

The state charged Lenwai with one count of rape, two counts of second degree kid-

napping, one count of burglary, one count of the infamous crime against nature, and one count of forcible penetration by use of a foreign object. In a plea bargain in which the state dismissed the last charge, Lenwai pled guilty to all of the remaining counts. The district court imposed the sentences listed above.

Lenwai does not claim that his sentences were illegal or that they exceed the statutory maximums for the crimes he committed. In fact, his sentences are within statutory limits. The maximum sentence for rape is life imprisonment. I.C. § 18–6104. The maximum sentence for second degree kidnapping is twenty-five years imprisonment. I.C. § 18–4504(2). The infamous crime against nature requires a minimum sentence of five years, but there is no maximum sentence. I.C. § 18–6605; *State v. Hayes,* 121 Idaho 232, 824 P.2d 163 (Ct. App.1991). The maximum sentence for first degree burglary is fifteen years imprisonment. I.C. § 18–1403.

Lenwai claims that the court abused its sentencing discretion by not considering the emotional strain he was under when he committed the crimes and by imposing sentences which were unduly harsh. He claims that the eight-year minimum period of confinement is nearly twice the length of his former marriage. He also argues that he is a good candidate for rehabilitation because he has several marketable job skills. He further argues that his crimes were motivated by feelings of love and jealousy and that incarceration is not an effective deterrent in crimes of passion such as the ones he committed.

■ Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If, as in the present case, the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *See State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum periods of confinement specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Because Lenwai's sentences will run concurrently, we view his actual term of confinement as eight years. Lenwai must establish that under any reasonable view of the facts a period of confinement of eight years for the combined crimes of rape, burglary, kidnapping, and the infamous crime against nature, was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Lenwai was on probation for the crime of possession of a controlled substance at the time he committed these offenses. In addition, he was under a restraining order his ex-wife had obtained against him. The district court noted these facts in its sentencing comments and observed that rehabilitation was not a viable option in light of Lenwai's lack of respect for the court's previous orders.

The district court also noted Lenwai's criminal record which included one prior felony, six prior misdemeanors, and five prior arrests for domestic disturbances. The judge observed that Lenwai had not been successful in conforming his conduct to society's expectations and that he broke into his ex-wife's apartment and subjected her and two other people, including his young child, to a night of terror. The district court's sentencing comments reflect a concern that society be protected from Lenwai's utter disregard for the laws of society. We agree with the district

court's observation that it is absolutely imperative to protect society from persons who commit these types of crimes.

Based on our review of the record, we conclude that the district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentences are reasonable.

■ Lenwai timely filed a motion under I.C.R. 35 for reduction of his sentences. The district court issued an order denying the motion without a hearing. Lenwai filed a motion for reconsideration of that order.[1] The court minutes reflect a hearing was held on that motion. At the hearing, Lenwai claimed that the state does not intend to parole sex offenders. The court noted that if documentation of this could be provided, the court would entertain another hearing. The record does not disclose that any documentation of this claim was provided.

As noted above, Lenwai's sentences were reasonable when imposed. Lenwai did not present any additional evidence in support of his Rule 35 motion. He simply argues that the denial of the Rule 35 motion was an abuse of discretion for the same reason the original sentences were an abuse of discretion, namely, excessiveness in light of the goals of protection of society, deterrence, rehabilitation, and retribution. This argument is not persuasive. We hold that the district court did not abuse its discretion in denying Lenwai's motion for reduction of his sentences.

The judgments of conviction and the sentences, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

■

---

1. Such motions actually are renewed motions under Rule 35 and are not permitted, *State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App. 1990), but where the court nonetheless entertains such a motion and denies it on its merits, the court's exercise of discretion in that regard may be asserted as an issue on appeal. *Hickman*, 119 Idaho at 9, 802 P.2d at 1221; I.A.R. 11(c)(9).