838 P.2d 321

**David DIEZIGER, Plaintiff–Respondent,**

v.

**Brad PICKERING and Jo Ann Pickering, husband and wife, d/b/a Sunkiss Enterprises; and Dorothy Smith, Defendants–Appellants.**

**No. 19366.**

Court of Appeals of Idaho.

Sept. 24, 1992.

Spencer E. Daw, Idaho Falls, for defendants-appellants.

Stephen S. Hart, Idaho Falls, for plaintiff-respondent.

PER CURIAM.

We are asked to determine if the district court abused its discretion when it dismissed the defendants' (Pickering) appeal from the magistrate division as a sanction for failing to file a transcript on appeal. Because we hold that this latest appeal by Pickering from the district court's order was untimely, we dismiss the appeal.

The underlying action involved Dieziger's claim for breach of an oral contract to restore a 1955 Chevrolet Nomad. Dieziger eventually recovered a judgment in the magistrate division for $7,418.30. Pickering filed a notice of appeal to the district court.

On December 10, 1990, the district court ordered Pickering to obtain and pay for a transcript on appeal to be filed within thirty-five days. Pickering moved to extend the time to file the transcript. A hearing

on Pickering's motion was held January 10, 1991, in which the court granted the motion and fixed February 15, 1991, as the date the transcript was due. At the January 10 hearing on the motion, the court informed counsel that if the transcript was not filed, the appeal could be dismissed. Pickering failed to file the transcript and Dieziger moved to have the appeal dismissed. Following a hearing, the court granted the motion and then entered a written order dismissing the appeal on March 7, 1991.

On March 19, Pickering filed a "Motion to Reinstate [the] Appeal." Another hearing was held, and on April 8, 1991, the district court entered an order denying the motion. On a date not shown in the record, Pickering next filed a "Motion to Reconsider." Again, a hearing was held, and on May 24, 1991, the district court entered an order denying this motion. Following this order, on May 31, 1991, Pickering filed a notice of appeal, contending that the district court abused its discretion in dismissing Pickering's appeal from the magistrate division for failure to provide a transcript within the time ordered. For the following reasons, we conclude that this appeal was not timely and we lack jurisdiction to decide the merits of the appeal. Accordingly, we must dismiss the appeal.

The district court's order on March 7, 1991, dismissing the appeal from the magistrate division was subject to appellate review under the provisions of I.A.R. 11(a)(2). Consequently, an appeal from the district court's dismissal order could have been taken within forty-two days. I.A.R. 14(a). Rather than pursue an appeal from the district court's decision at that time, however, Pickering instead chose to file, on March 19, a motion to "reinstate" the appeal from the magistrate division. Clearly, a determination to reinstate that appeal would have required the district court to reverse its earlier decision to dismiss the proceeding. The effect of Pickering's motion, therefore, was to seek a reconsideration by the court of its prior ruling.

Unlike the civil rules of procedure applicable to trial courts, we note that the appellate rules do not specifically provide for a motion to reconsider an appellate decision. *See* I.R.C.P. 11(a)(2)(B) (permitting motions to reconsider interlocutory orders issued by a trial court before the entry of final judgment, and, to a limited extent, to reconsider orders entered after judgment). The appellate rules do, however, provide for petitions for rehearing. I.A.R. 42. We have held that a motion to the district court for reconsideration of a decision rendered in its appellate capacity should be treated as a petition for rehearing, an appropriate method to provide consistency in the appellate process. *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983) (discussing I.R.C.P. 83(x) with respect to appeals from the magistrate division to the district court and I.A.R. 42 which is applicable to appeals taken from the district court to a higher appellate level).

A petition for rehearing, to be timely, must be filed within twenty-one days of the appellate decision sought to be modified. I.A.R. 42. As a corollary, a timely filed petition for rehearing will extend the time within which to pursue an appeal from a district court's decision rendered in its appellate capacity. I.A.R. 14(a); *Ustick v. Ustick, supra.*

Applying these rules to the instant case, Pickering's motion to "reinstate" the appeal essentially constituted a petition for rehearing, which was timely and extended the period within which to seek further appellate review of the district court's dismissal decision, until forty-two days following determination of the motion for reinstatement of the appeal from the magistrate division. When the district court entered an order on April 8, 1991, denying Pickering's petition for rehearing, Pickering's only remaining remedy was to appeal to the Supreme Court within forty-two days. He was not entitled to file another petition for rehearing or any similar motion labeled as a "Motion for Reconsideration." There had been no change in the court's position or in the relief granted, circumstances which might afford a litigant the opportunity to again petition for a rehearing. Pickering did not file a notice of appeal within forty-two days of April 8,

1991. Instead, he waited until after the district court again refused to reinstate the appeal from the magistrate division, and then he filed a notice of appeal on May 31.

The time for filing a notice of appeal was not stayed by the filing of the unauthorized "Motion for Reconsideration." Although I.A.R. 14(a) provides: "[t]he time for an appeal from any civil judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment . . .," the rule does not operate to stay the appeal time if the "timely motion" filed is not one that is authorized under the rules. *See, e.g., State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990). Here, Pickering's second motion, the "Motion for Reconsideration," simply asked the district court to take another look at its April 8 decision to dismiss the appeal. The motion was not only unauthorized, it was also untimely because it was filed more than twenty-one days after entry of the district court's order dismissing the appeal.

Therefore, we conclude that the time for appeal from the district court began to run on April 8, 1991, upon entry of the order denying the motion to reinstate the appeal from the magistrate division. The forty-two days expired on May 20, eleven days before Pickering's notice of appeal was filed. As a result, we have no jurisdiction to review the merits of the district court's decision to dismiss the appeal from the magistrate division.

The appeal is dismissed. We award costs to respondent Dieziger. I.A.R. 40. Although the respondent has requested an award of attorney fees under I.C. § 12–121, we have decided this case on grounds not asserted or briefed to us by the respondent and therefore we decline to make such an award.