52 P.3d 875

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Erik Delbert BOTTENS, Defendant–Respondent.**

No. 26579.

Court of Appeals of Idaho.

March 20, 2002.

Rehearing Denied May 15, 2002.

Review Denied Aug. 22, 2002.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Siebe Law Office, Moscow, for respondent. James E. Siebe argued.

GUTIERREZ, Judge.

The state appeals from the district court's order granting a reduction of Erik Delbert Bottens' sentence for sexual battery of a minor child sixteen or seventeen years of age. The district court reduced Bottens' sentence after granting a motion to reconsider a previous denial of his Rule 35 motion. We reverse the order of the district court and remand for reimposition of Bottens' original sentence.

# I.

## FACTS AND PROCEDURE

In April 1999, Bottens pled guilty to one count of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18–1508A. On July 30, the district court pronounced a unified sentence of ten years, with one and one-half years fixed. A written judgment was entered on August 4. The previous day, on August 3, Bottens' public defender filed a Rule 35 motion for reduction of sentence. On August 5, Bottens hired a private attorney who substituted for the public defender.

On February 16, 2000, the district court denied Bottens' Rule 35 motion. On February 28, counsel for Bottens filed a motion to reconsider the order denying the Rule 35 motion. The district court granted Bottens' motion to reconsider and held a hearing on April 13. Subsequently, the district court entered an amended judgment, imposing a fixed sentence of fifteen months with credit for time served. The state filed this timely appeal, arguing that the district court acted improperly because it lacked jurisdiction to hear Bottens' motion.

# II.

## STANDARD OF REVIEW

Issues of subject matter jurisdiction present questions of law over which appellate courts exercise free review. *State v. McCarthy*, 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct.App.1999). Lack of subject matter jurisdiction is an issue that may be raised at any time in the course of judicial proceedings and may not be waived by the parties. *Id.*

# III.

## ANALYSIS

The district court did not have jurisdiction to hear Bottens' motion to reconsider because it was an improper successive motion. Rule 35 states, in pertinent part, "no defendant may file more than one motion seeking a reduction of sentence under this Rule." We held in *State v. Hickman*, 119

Idaho 7, 9, 802 P.2d 1219, 1221 (Ct.App.1990), that a motion to alter or amend judgment following the denial of a Rule 35 motion is not a motion which is permitted under the Idaho Criminal Rules. Such a motion is nothing more than a renewed request to reduce a sentence and the Rules specifically provide that only one Rule 35 motion to reduce sentence may be filed. *Id.* at 9, 802 P.2d at 1221.

Bottens argues that our decision in *Hickman* should be read for the proposition that the decision to consider or to grant a motion for reconsideration after denial of a Rule 35 motion is a matter of discretion for the district court. In *Hickman*, as in this case, the defendant filed a motion to reconsider after the district court denied his Rule 35 motion to reduce his sentence. The district court heard the motion, but did not reduce Hickman's sentence. On appeal, Hickman argued that the district court abused its discretion by failing to reduce his sentence. The state argued that Hickman's motion should have been considered an improper renewed motion under Rule 35. This Court addressed the issue as follows:

> [T]he Rules specifically provide that only one Rule 35 motion to reduce sentence may be filed. Consequently, his motion was prohibited under the Rules and the court *could have* summarily denied it. Such a summary disposition would not have entitled Hickman to appeal under I.A.R. 11(c)(9), because it would not have been an order entered after judgment affecting substantial rights of the defendant, since Hickman had no right to file what was essentially a renewed Rule 35 motion.
>
> The district court, however, *in the exercise of its discretion,* entertained the motion to alter or amend....

*Id.* at 9, 802 P.2d at 1221 (emphasis added). Ultimately, this Court upheld the district court's decision not to reduce the defendant's sentence.

Bottens also cites our opinion in *State v. Lenwai*, 122 Idaho 258, 833 P.2d 116 (Ct.App. 1992) to support his contention that the decision to consider or to grant a motion for reconsideration of a Rule 35 denial is a matter of discretion. In *Lenwai*, this Court

again faced the situation where a district court entertained a motion to reconsider a denied Rule 35. This Court wrote:

> Such motions actually are renewed motions under Rule 35 and are not permitted, *State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990), but where the court nonetheless entertains such a motion and denies it on its merits, the court's exercise of discretion in that regard may be asserted as an issue on appeal. *Hickman*, 119 Idaho at 9, 802 P.2d at 1221; I.A.R. 11(c)(9).

*Id.* at 261 n. 1, 833 P.2d at 119 n. 1. In *Lenwai*, this Court also upheld the district court's decision not to reduce the defendant's sentence upon reconsideration.

■ In the instant case, the district court responded to the state's objection that Bottens' motion to reconsider was improper under Rule 35 stating:

> I determined that the hearing would proceed on the merits because it would be more expeditious than to hear what would most likely be a post-conviction relief petition for ineffective assistance of counsel because of a mix-up in transition between the public defender's office and Mr. Siebe's office, as a result of which the motion lay fallow. And for that reason, because it's a matter of discretion and notwithstanding the language of the rule, if the Court nevertheless proceeds to hear it on the merits, it will not deem that an abuse of discretion providing there's a—a just basis for doing so.

We disagree and today clarify *Hickman.* Our review of *Hickman* and *Lenwai*, convinces us that the language Bottens and the district court relied upon was not intended to confer jurisdiction upon trial courts to consider or to grant successive motions under Rule 35. That interpretation contradicts the plain language of the rule. Instead, we interpret the wording in *Hickman* and *Lenwai* to be an attempt at deference to the trial court, where this Court upheld the trial court's decision only because any error in doing so did not change the ultimate outcome. Today we make explicit that a motion to reconsider the denial of a Rule 35 motion

is an improper successive motion and is prohibited by Rule 35. We hold that the prohibition of successive motions under Rule 35 is a jurisdictional limit. Thus, the trial court in the instant case did not have jurisdiction to hear Bottens' motion to reconsider and was in error to reduce Bottens' sentence.

Because of our holding above we need not address the issues of whether the motion to reconsider was timely filed or whether the district court lost jurisdiction to rule on Bottens' motion to reconsider because it failed to do so within a reasonable time.

## IV.

### CONCLUSION

Accordingly, the district court did not have jurisdiction to consider Bottens' motion to reconsider or to grant a reduction in sentence. We reverse the order of the district court and remand for reimposition of Bottens' original sentence.

Chief Judge PERRY and Judge Pro Tem WILPER concur.