**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36291**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 460 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIVERTO RAMIREZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. R. Barry Wood, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with a five-year determinate term for domestic violence, and order denying second motion to reconsider sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Eriverto Ramirez pled guilty to domestic violence. Idaho Code §§ 18-903, 18-918(2)(a). The district court imposed a unified ten-year sentence with a five-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Ramirez on probation for three years. Subsequently, Ramirez admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. The district court denied Ramirez's Idaho Criminal Rule 35 motion. Ramirez appeals, asserting that the district court abused its discretion in revoking probation and executing the underlying sentence and by denying his Rule 35 motion.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Ramirez also asserts that the district court abused its discretion by denying his written Rule 35 motion without a hearing in light of new or additional information provided therewith. A final disposition hearing was held on February 9, 2009 at which time the district court denied Ramirez's oral Rule 35 motion. A subsequent written motion was filed by Ramirez on February 20, 2009 which the district court denied. A defendant is not entitled to file more than one motion seeking a reduction of his sentence under Rule 35. Rule 35 specifically provides

that, "no defendant may file more than one motion seeking a reduction of sentence under this Rule." *See also State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct. App. 1990). Therefore, there was no error in denial of the second Rule 35 motion.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Ramirez's original sentence without modification or in denying his second Rule 35 motion without a hearing. Therefore, the orders revoking probation and directing execution of Ramirez's previously suspended sentence and denying his Rule 35 motion are affirmed.