**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40164**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 705 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 10, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL JAMES CARTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order revoking probation and reinstating previously suspended ten-year sentence for felony driving under the influence, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Robyn Fyffe of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Daniel James Carter pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005. The district court imposed a ten-year determinate sentence, but retained jurisdiction. Following successful completion of his retained jurisdiction, the district court suspended the sentence and placed Carter on probation. Carter admitted to violating the terms of his probation by being charged with new crimes. The district court revoked Carter's probation and the suspended sentence was ordered into execution. During the disposition hearing on his probation violation, Carter made an oral motion for an I.C.R. 35 reduction of his sentence, which the district court denied. Thereafter, Carter filed a successive Rule 35 motion for reduction of his sentence based on new information, which the district court also denied. On appeal, Carter

1

does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court denied his successive Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Idaho Criminal Rule 35 provides that no defendant may file more than one motion seeking a reduction of sentence. The prohibition of successive motions under Rule 35 is jurisdictional. *State v. Bottens,* 137 Idaho 730, 732, 52 P.3d 875, 877 (Ct. App. 2002). Because Carter's Rule 35 motion was successive, the district court did note err in denying Carter's successive Rule35 motion.

The district court's order revoking probation and imposing sentence and the district court's order denying Carter's Rule 35 motion are affirmed.