## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43707

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 481 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CURTIS RAY STOVER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Curtis Ray Stover, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2003, Curtis Ray Stover was found guilty of two counts of lewd conduct with a child under sixteen, Idaho Code § 18-1508. The district court imposed a unified sentence of thirty years, with a minimum period of confinement of ten years. Stover timely filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, which the district court denied. In 2015, Stover filed a second Rule 35 motion for a reduction of his sentence, pro se. He also filed motions for appointment of counsel and for a hearing relating to his Rule 35 motion. The district court denied Stover's Rule 35 motion as successive and untimely. Because the court found that it had no jurisdiction to grant relief, it also denied Stover's other motions. Stover now appeals the court's denial of his Rule 35 motion.

1

A lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Idaho Criminal Rule 35 vests the trial court with jurisdiction to consider and act upon a motion to reduce a sentence that is filed within 120 days after the entry of a judgment of conviction unless that motion is to reduce an illegal sentence. Rule 35 further provides that no defendant may file more than one motion seeking a reduction of sentence. *Id.* The prohibition of successive motions under Rule 35 is jurisdictional. *State v. Bottens*, 137 Idaho 730, 732-33, 52 P.3d 875, 877-78 (Ct. App. 2002).

In support of his "Motion for Correction or Reduction of Sentence, ICR 35," Stover asked the district court to reconsider and reduce his original sentence. Specifically, he asserted that because he was sexually assaulted while in prison by a department of corrections officer, the court should "grant [him] relief so that [he] may receive mental health and medical care in an environment so that [he] may feel safe from repercussions." In his appellate brief, Stover contends that the district court erred in denying his motion because he "should be released from prison so [he] can get the care [he] would feel comfortable with getting from an outside source." Stover also adds, for the first time on appeal, that his sentence is now illegal because it has become "excessive and unduly harsh" as compared to the sentence initially imposed by the sentencing court.

Pursuant to I.C.R. 35(a), the district court may correct an illegal sentence at any time. However, issues not raised to the district court may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). To the extent that Stover's appeal raises the issue of his sentence becoming illegal, this issue was neither presented to nor decided by the district court. Therefore, we do not address the merits of this claim.[1]

Finally, regarding Stover's contention that the district court incorrectly denied his motion for a reduction in sentence, we hold that the district court did not err. Stover filed the Rule 35 motion at issue over eleven years after the entry of judgment in the underlying conviction. This was his second motion requesting a reduction of his sentence pursuant to Rule 35. The district court correctly found that his motion was both untimely and improperly successive. Thus, the

---

[1]    We note, however, that Stover's argument that the conditions of his confinement are illegal may still be addressed through other avenues. He can file a petition for writ of habeas corpus pursuant to Idaho Code § 19-4201, *et. seq.*, or a 1983 claim pursuant to 42 United States Code § 1983.

district court lacked jurisdiction to grant Stover's requested relief.  The district court's order denying Stover's Rule 35 motion is affirmed.