# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43846

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 624 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 1, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SAMIR MICHAEL ABRAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying Idaho Criminal Rule 35 motion denied, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Samir Michael Abrams pleaded guilty to providing false information to the sex-offender registry, Idaho Code § 18-8311(2). The district court imposed a unified nine-year sentence, with five years determinate, and retained jurisdiction. After Abrams successfully completed the period of retained jurisdiction, the court suspended the sentence and placed Abrams on probation. Subsequently, Abrams admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Abrams filed an Idaho Criminal Rule 35 motion to reduce sentence, which the district court denied. Abrams appealed, contending that the district court abused its discretion in revoking

1

probation and denying his I.C.R. 35 motion. This Court issued an opinion affirming the probation revocation and the order denying the I.C.R. 35 motion.

Abrams filed another I.C.R. 35 motion claiming his sentence was illegal. Following a hearing, the district court found the I.C.R. 35 motion was a motion for reduction of sentence rather than a motion to correct an illegal sentence. The district court denied the motion. Abrams appeals claiming the district court erred by denying his I.C.R. 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Idaho Criminal Rule 35 states "no defendant may file more than one motion seeking a reduction of sentence under this Rule." The prohibition of successive motions under I.C.R. 35 is jurisdictional and Idaho appellate courts have consistently held that I.C.R. 35 precludes a second motion for reduction of sentence. *State v. Bottens,* 137 Idaho 730, 732-33, 52 P.3d 875, 877-78 (Ct. App. 2002); *State v. Atwood,* 122 Idaho 199, 200-01, 832 P.2d 1134, 1135-36 (Ct. App. 1992). Thus, the district court lacked jurisdiction to grant Abrams' requested relief.

Upon review of the record, including any new information submitted with Abrams' I.C.R. 35 motion, we conclude no error or abuse of discretion has been shown. Therefore, the district court's order denying Abrams' I.C.R. 35 motion is affirmed.