# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44494

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 533 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 2, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| RAYMOND HENRY HALE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion for reconsideration of denial of Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Raymond Henry Hale entered an *Alford*[1] plea to felony intimidating, impeding, influencing, or preventing the attendance of a witness, Idaho Code § 18-2604(4), and pleaded guilty to two counts of misdemeanor violation of a no contact order, I.C. § 18-920, and misdemeanor domestic battery, I.C. §§ 18-903(a), -918(3). Respectively, the district court imposed a unified five-year sentence, with two years determinate; 365 days jail with 130 days credit time served; 365 days jail with 130 days credit time served; and 180 days jail with 50 days credit served. The sentences were ordered to be served consecutively.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Hale filed an Idaho Criminal Rule 35 motion, which the district court denied.  Hale then filed a motion to reconsider the denial of his Rule 35 motion once again asking the district court to reduce Hale's sentence.  Following a hearing,[2] the district court issued an order on Hale's motion to reduce sentence and issued an amended judgment of conviction which reflected that Hale had the options of work search, work release, and sheriff's inmate labor detail while serving his jail time.  Hale appealed, timely only from the denial of his motion to reconsider the denial of his Rule 35 motion.

Idaho Criminal Rule 35 states "no defendant may file more than one motion seeking a reduction of sentence under this Rule."  The prohibition of successive motions under Rule 35 is jurisdictional and Idaho appellate courts have consistently held that a motion for reconsideration of a Rule 35 is an improper successive motion.  *State v. Bottens,* 137 Idaho 730, 732-33, 52 P.3d 875, 877-78 (Ct. App. 2002); *State v. Atwood,* 122 Idaho 199, 200-01, 832 P.2d 1134, 1135-36 (Ct. App. 1992).  Thus, the district court lacked jurisdiction to grant Hale's requested relief.

Upon review of the record, we conclude no error or abuse of discretion has been shown.  Therefore, the district court's order denying Hale's motion for reconsideration of the denial of I.C.R. 35 motion is affirmed.

---

[2]	During the hearing, the district court acknowledged making a misstatement of the law, but the sentence imposed was legal and the misstatement did not affect the legality of that sentence.