# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45119 & 45120

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 401 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ERICK DELAROSA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, District Judge.

Order denying successive I.C.R. 35 motion for reduction of sentence, affirmed; judgment of conviction and unified sentence of seven and one-half years, with a minimum period of confinement of two and one-half years, for forgery, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 45119, Erick Delarosa pled guilty to forgery. I.C. § 18-3601. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Delarosa to a unified term of ten years, with a minimum period of confinement of three years. The district court retained jurisdiction and sent Delarosa to participate in the rider program. Delarosa filed an I.C.R 35 motion, which the district court denied. Following successful completion of the retained jurisdiction, the district court suspended the sentence and placed Delarosa on probation.

1

In Docket No. 45120, Delarosa pled guilty to forgery, I.C. § 18-3601. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Delarosa to a unified term of seven and one-half years, with a minimum period of confinement of two and one-half years, to run concurrent with his sentence in Docket No. 45119. Delarosa admitted to violating the terms of his probation in Docket No. 45119. The district court revoked probation and ordered execution of Delarosa's previously suspended sentence. Delarosa filed I.C.R 35 motions for reduction of both of his sentences, which the district court denied. Delarosa appeals, asserting that the district court erred in denying his Rule 35 motions and that his sentence in Docket No. 45120 is excessive.

With regard to the order denying Delarosa's Rule 35 motion in Docket No. 45119, Delarosa is mindful that he had previously filed a Rule 35 motion in that case. Idaho Criminal Rule 35 vests the trial court with jurisdiction to consider and act upon a motion to reduce a sentence that is filed within 120 days after the entry of a judgment of conviction unless that motion is to reduce an illegal sentence. Rule 35 further provides that no defendant may file more than one motion seeking a reduction of sentence. The prohibition of successive motions under Rule 35 is jurisdictional. *State v. Bottens,* 137 Idaho 730, 732, 52 P.3d 875, 877 (Ct. App. 2002). Because Delarosa's Rule 35 motion was prohibitively successive, the district court did not err in denying Delarosa's Rule 35 motion.

Delarosa asserts that his sentence is excessive in Docket No. 45120. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Delarosa's Rule 35 motion in Docket No. 45120. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319,

144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Delarosa's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the order denying Delarosa's successive Rule 35 motion in Docket No. 45119 is affirmed. Delarosa's judgment of conviction and sentence and the district court's order denying Delarosa's Rule 35 motion in Docket No. 45120 are affirmed.