832 P.2d 1134

STATE of Idaho, Plaintiff–Respondent,

v.

David Haight ATWOOD, Defendant–Appellant.

No. 18937/19165.

Court of Appeals of Idaho.

Jan. 28, 1992.

Petition for Review Denied July 29, 1992.

Alan E. Trimming, Ada County Public Defender, Steven Botimer, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

David Haight Atwood pled guilty to sexual abuse of a child under sixteen, I.C. § 18-1506. The district court imposed a unified sentence of five years in the custody of the Board of Correction, with a minimum period of confinement of one year. Atwood was committed to the North Idaho Correctional Institute (N.I.C.I.) at Cottonwood. The sentence was imposed on February 13, 1990; however, the district court retained jurisdiction under I.C. § 19-2601(4) to obtain further evaluation reports. Atwood, through his counsel, filed a Rule 35 motion for reduction of sentence on March 21, 1990. The motion was denied by the district court on March 27, 1990, without an evidentiary hearing. Atwood did not appeal from this order. Upon expiration of the 120-day period, the district court extended jurisdiction for an addition-al sixty days, and thereafter, on September 18, 1990, relinquished retained jurisdiction. Atwood appealed from this order on September 28. On January 10, 1991, Atwood, *pro se,* mailed a second motion for reduction of sentence to the district court. The motion was received by the court on January 22, 1991, and was denied by the district court on January 24, 1991.

Atwood appeals the district court's order relinquishing jurisdiction. He also appeals from the order of the district court denying his second Rule 35 motion, arguing that he is entitled to file a second motion under Rule 35 and that the district court abused its discretion by not reducing his sentence. We affirm the district court's order relinquishing retained jurisdiction and dismiss the appeal with respect to its order denying relief under Rule 35.

The facts of this case are that Atwood solicited a 10-year-old boy by asking him if he wanted to learn how to masturbate. Atwood then demonstrated masturbation on himself in front of the boy. Atwood's prior record includes charges of injury to a child and issuing checks without funds. Dismissed via plea bargaining in the present case was a charge of lewd and lascivious conduct with a minor under sixteen which allegedly involved the anal penetration of Atwood's daughter, who was fifteen months old at the time of the incident.

 Rule 35 provides, in pertinent part, "[N]o defendant may file more than one motion seeking a reduction of sentence under this Rule." Atwood requests an exception to the Rule which would allow a defendant to file a first motion under Rule 35 after the original sentencing hearing, and a second motion after a court decides to relinquish jurisdiction. There is no basis in the Idaho Criminal Rules or by statute for the exception Atwood seeks. Atwood's second motion was prohibited under Rule 35. The district court's summary order denying Atwood's second Rule 35 motion was not an order entered after judgment affecting substantial rights of the defendant, because Atwood had no right to file a

renewed Rule 35 motion. Therefore, Atwood is not entitled to appeal the order under I.A.R. 11(c)(9). *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990).

Atwood also contends the district court abused its discretion in relinquishing jurisdiction because it relied on an assertedly unfair report by the N.I.C.I. staff. The unfairness asserted is that: (1) the report assumed the dismissed charge of abuse of child allegedly involving his daughter to be true and concluded that Atwood was in denial of his problems since he denied any wrongdoing, (2) the report considered Atwood to be a second time sexual offender when his prior conviction was for injury to a child, not lewd conduct, and (3) that it misinterpreted Atwood to be arrogant and resistant to authority rather than to consider that his back injury caused from a fall from a ladder in 1978 made it difficult for him to successfully complete the 120–day N.I.C.I. program.

 The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Chapel,* 107 Idaho 193, 687 P.2d 583 (Ct. App.1984). The decision to place a defendant on probation or whether, instead, to release jurisdiction over the defendant is a matter within the sound discretion of the trial court. *See, e.g., State v. Williams,* 112 Idaho 459, 732 P.2d 697 (Ct.App.1987); *State v. Turner,* 105 Idaho 748, 672 P.2d 1078 (Ct.App.1983). Absent an abuse of that discretion the court's decision will be sustained. *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App.1990). A hearing before the trial court is not required as a condition precedent to that court's relinquishing its 120–days retained jurisdiction under I.C. 19–2601(4). *State v. Lopez,* 102 Idaho 692, 638 P.2d 889 (1981); *Williams,* 112 Idaho at 460, 732 P.2d at 698.

■ Our Supreme Court has affirmed that dismissed criminal charges may be included within the presentence report. *State v. Ott,* 102 Idaho 169, 627 P.2d 798 (1981); *see also State v. Terris,* 106 Idaho 927, 684 P.2d 329 (Ct.App.1984). Atwood has presented us with no persuasive argument as to why dismissed criminal charges should not be considered in the further evaluative process employed at N.I.C.I. *See* I.C. § 20–220. Any reliance by the district court on this aspect of the N.I.C.I. evaluation was not an abuse of discretion.

■ The N.I.C.I. report did acknowledge Atwood's inability to remain employed full time due to his back injury. The reasons stated in the report for recommending relinquishment of jurisdiction included Atwood's inability to take responsibility for his actions, past record, and likelihood of reoffending. The report states: "No significant progress has been evidenced during his stay at NICI." In light of this report, we hold that the district court did not abuse its discretion by relinquishing its retained jurisdiction, as recommended by the Board of Correction.

In conclusion, Atwood's appeal from the summary order denying his second Rule 35 motion is dismissed as having been taken from a non-appealable order. The district court's order relinquishing retained jurisdiction is affirmed.