924 P.2d 637

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Arthur Ellis VIVIAN, Defendant–Appellant.**

**No. 22508.**

Court of Appeals of Idaho.

Sept. 13, 1996.

---

Alan E. Trimming, Ada County Public Defender; Eric R. Rolfsen, Deputy Public Defender, Boise, for defendant-appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

Arthur Ellis Vivian was found guilty by a jury of felony possession of a controlled substance with intent to deliver, I.C. § 37–2732(a), and misdemeanor possession of drug paraphernalia, I.C. § 37–2734A. Vivian received a ten-year sentence, with a fixed two-year term of incarceration, for felony possession of a controlled substance with intent to deliver. Vivian also was fined $400 for misdemeanor possession of drug paraphernalia. Vivian appeals, alleging that the district court erred in refusing to admit a police report into evidence which included an exculpatory statement made by Vivian to an officer. He also argues that his sentence is excessive.[1] For the reasons explained below, we affirm.

# I.

## FACTS AND PROCEDURE

In February 1995, two Boise City uniformed police officers went to Vivian's house

---

1. Vivian does not appeal the $400 fine imposed for misdemeanor possession of drug paraphernalia. Therefore, all references to his appeal of his sentence refer to the sentence he received for felony possession of a controlled substance with intent to deliver.

at night to execute an outstanding warrant for his arrest. Officer Christensen was standing near Vivian's house when Vivian stepped around from the side into the front yard of his house. After the officer identified himself and told Vivian to stay where he was, Vivian ran off toward the rear of his house and down an alley. The officer gave chase and subdued Vivian after Vivian had exited the alley and entered a street. As officer Christensen was giving chase, Vivian pulled his hands out of his pockets and threw several objects.

After officer Terry arrived and Vivian was secured, officer Christensen searched for and collected two of the objects he saw Vivian throw. In particular, approximately fifteen feet from Vivian, officer Christensen located a pink box holding thirteen individually wrapped sections of straw containing a brown powdery substance that appeared to be methamphetamine. Officer Christensen also found in Vivian's backyard a wooden "stick-shaped" canister containing a brown powdery substance resembling methamphetamine. Officer Terry found, near the area where officer Christensen found the pink box, a little oval-shaped wooden container holding four individually wrapped sections of straw containing a brown powdery substance that resembled methamphetamine. Officer Terry also searched Vivian and found a tube, or a pipe, which he believed was of the type used for cocaine or methamphetamine.

During officer Christensen's testimony at trial, defense counsel attempted to introduce into evidence Christensen's police report which he prepared shortly after Vivian's arrest. Included in the report was the officer's notation that "Vivian denied dropping the canister." The state objected to the admission of the police report on the grounds that the report was hearsay and that Vivian's statement to the officer was hearsay within hearsay. The district court sustained the objection and excluded officer Christensen's

report. However, the district court indicated that, upon a renewed offer, the report could be admitted if Vivian's statement was excised therefrom.

Vivian then testified at trial. His testimony concerning the chase was similar to that of the police officers. However, Vivian denied throwing the objects. He also denied owning any of the objects and denied possessing methamphetamine on the evening of the arrest.

A jury found Vivian guilty of felony possession of a controlled substance with intent to deliver and of misdemeanor possession of drug paraphernalia. Vivian was sentenced to a unified term of ten years, with a fixed two-year period of incarceration for the felony possession of a controlled substance with intent to deliver. Vivian appealed.

## II.

## ANALYSIS

### A. Evidentiary Issue

Vivian contends that the district court erred in failing to admit officer Christensen's report, which included the exculpatory statement made by Vivian. He claims that under the public records exception to hearsay, I.R.E. 803(8)(A), the police report was admissible because it was an investigative report made by the police and offered into evidence at trial by the accused.[2]

Vivian argues that the district court interpreted Rule 803(8)(A) too narrowly by ruling that his statement was inadmissible because it lacked trustworthiness. Vivian asserts the issue is whether the police report itself could be trusted to accurately reflect the statement made by him. Vivian argues that because the police report was reliable, the report, including Vivian's statement, should have been admitted.

2. At trial, counsel for Vivian also argued that the statement was admissible for impeachment purposes. On appeal, however, Vivian does not argue that the statement was being offered for the limited purpose of impeaching the officer's testimony and, thus, not hearsay at all. Rather, he continues to argue to this Court that, although

hearsay, Vivian's statement was admissible as an exception to the hearsay rule. Therefore, we will not address the alternative theory, argued to the district court, that Vivian's statement was not hearsay in that it was being sought to be introduced only for impeachment and not to prove the truth of the matter asserted.

We disagree with Vivian's assertion that Vivian's statement was admissible under the public records exception to the hearsay rule. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in these rules or other rules of the Idaho Supreme Court. I.R.E. 802. Hearsay within hearsay is admissible under this rule provided each part of the combined statements falls within an exception to the rule. I.R.E 805.

Vivian's statement was hearsay because it was made out of court and was offered to the prove the truth of the matter asserted—that Vivian denied dropping any objects while being chased by the police at the time of his arrest. Vivian's statement was considered double hearsay because his statement was recorded within a police report which was also hearsay. Therefore, in order for Vivian's statement, contained in officer Christensen's report, to have been admissible at trial, both his statement and the report must have conformed to an allowable exception under the hearsay rule.

A police report offered into evidence by a defendant in support of his or her defense may be admissible under either the business records exception, I.R.E. 803(6), or the public records exception, I.R.E. 803(8). *See United States v. De Peri*, 778 F.2d 963, 976–77 (3d Cir.1985) (An FBI report would be admissible against the government under the public records exception.); *United States v. Smith*, 521 F.2d 957, 967–68 (D.C.Cir.1975) (Police reports offered by defendant as business records were admissible against the prosecution.); *State v. Bertul*, 664 P.2d 1181, 1185 (Utah 1983) (A police report is ordinarily admissible under the business records exception when offered by the defendant in a criminal case to support his or her defense.).

The district court made the determination that the police report, without Vivian's statement, was admissible by Vivian as an exception to the hearsay rule. Assuming the district court ruled correctly regarding the police report, we must then determine whether Vivian's statement, recorded within the police report, was admissible.

■ Vivian's statement was hearsay and not admissible unless it met a separate hearsay exception. *De Peri*, 778 F.2d at 977 (out-of-court statements within evidence reports require a separate hearsay exception); *Smith*, 521 F.2d at 964 (Hearsay within a police report not admissible unless it falls within another hearsay exception.); *See* 2 KENNETH S. BROUN et. al., MCCORMICK ON EVIDENCE § 290 at 275 and § 324.1 at 368 (John W. Strong ed., 4th ed.1992). Vivian has not set forth any grounds upon which his statement falls within a recognized exception to the hearsay rule. Vivian admits that his purpose of introducing officer Christensen's report was to place Vivian's denial into evidence for the truth of the matter asserted without then being subject to cross-examination. We hold that Vivian's statement in the police report was inadmissible on the grounds that it was hearsay within hearsay not within any exception to the hearsay rule. Thus, the district court did not err in excluding Vivian's statement.

## B. Sentence Review

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having re-

gard for the nature of the offense, the character of the offender and the protection of public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

When reviewing a sentence imposed under the Uniform Sentencing Act, we treat the minimum period of incarceration as the probable duration of confinement. I.C. § 19–2513; *State v. Hodge,* 124 Idaho 927, 866 P.2d 184 (Ct.App.1993). Vivian's minimum period of incarceration is two years. Thus, Vivian must establish that this two-year period was an abuse of the district court's discretion.

Vivian argues that the district court abused its discretion when it relied upon unsubstantiated arguments from the state that Vivian was known by the police and his neighbors as a drug dealer. He also asserts that he was sentenced as if he had a substantial felony record.

The record does not indicate that the district court relied upon the unsubstantiated statements offered by the state. However, the record does indicate that the district court properly weighed Vivian's previous felony conviction and the nature of the instant offense. Therefore, we conclude the district court did not abuse its discretion and the sentence was not unreasonable.

Vivian further asserts that the district court did not adequately consider him for the retained jurisdiction program and probation. Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Hernandez,* 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct.App.1992). A trial court's decision whether to retain or to relinquish jur-isdiction following an evaluation period is, like the original sentencing decision, a matter committed to the trial court's discretion. *Id.*

The district court noted that Vivian's prior felony probation, although completed successfully, did not adequately deter him from his involvement with controlled substances. Based on that and the seriousness of the instant felony, the district court imposed a two-year fixed term. Given the above factors and Vivian's prior record, which also included numerous misdemeanor offenses, the district court did not abuse its discretion in refusing to consider Vivian for the retained jurisdiction program.

### III.

### CONCLUSION

We hold that the district court did not err when it excluded as hearsay Vivian's statement recorded within the police report. Further, the district court did not abuse its discretion in sentencing Vivian. Accordingly, the judgments of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for felony possession of a controlled substance with intent to deliver, are affirmed.

WALTERS, C.J., and LANSING, J., concur.