**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38219/38220**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 702 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL DANIEL LEHTI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgments of conviction and unified sentences and the orders denying I.C.R. 35 motions, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

This is a consolidated appeal. Michael Daniel Lehti pled guilty in Docket No. 38219, to robbery, Idaho Code §§ 18-6501, 18-6502, 18-204. The district court imposed a unified sentence of seven and one-half years with three and one-half years determinate and retained jurisdiction. Following the period of retained jurisdiction, Lehti was placed on probation.

In Docket No. 38220, Lehti pled guilty to robbery, I.C. §§ 18-6501, 18-6502, 18-204, possession of a controlled substance, I.C. § 37-2732(c)(1), and two counts of attempted robbery, I.C. §§ 18-6501, 18-6502, 18-204, 18-306. The district court imposed and executed concurrent unified sentences of eleven years with four years determinate for the robbery conviction, four

1

years with two years determinate for the possession of controlled substances conviction, and six years with two years determinate for each of the attempted robbery convictions.

Lehti admitted to probation violations in Docket No. 38219 and, consequently, the district court revoked probation and executed the previously imposed sentence of seven and one-half years with three and one-half years determinate. The sentences in Docket No. 38220 were ordered to run concurrent with the sentence in Docket No. 38219.

Lehti filed Idaho Criminal Rule 35 motions in both cases which were denied by the district court. Lehti appeals, contending that the district court abused its discretion by executing the sentences rather than retaining jurisdiction and by denying his Rule 35 motions.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the

same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Lehti's judgments of conviction and sentences and the district court's orders denying Lehti's Rule 35 motions are affirmed.