**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38881**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 404 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 16, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT SCOTT WALDEMAR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and unified sentence of ten years years, with a minimum period of confinement of two years; civil judgment and a civil fine in the amount of $5,000, for sexual battery of a minor child sixteen or seventeen years of age, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

PER CURIAM

Robert Scott Waldemar pled guilty to sexual battery of a minor child sixteen or seventeen years of age. Idaho Code § 18-1508A(1)(b). The district court sentenced Waldemar to a unified term of ten years, with a minimum period of confinement of two years. The district court also entered a civil judgment pursuant to I.C. § 19-5307 against Waldemar in the amount of $5,000 on behalf of the victim. Waldemar appeals asserting that the district court abused its discretion by imposing the maximum fine upon him, and by failing to retain jurisdiction over him.

Waldemar acknowledges that I.C. § 19-5307 contemplates that sexual battery of a minor, sixteen or seventeen years of age, as set forth in I.C. § 18-1508A, is one of the offenses for

1

which imposition of a civil fine is permitted. However, he contends that his crime did not involve violence but only solicitation, and therefore, the imposition of the civil fine, or at least the maximum fine, was error. As the district court noted, sexual victimization is the equivalent of violence to the victim. Moreover, the record in this case reflects the lasting harm done to the victim. To the extent that Waldemar challenges the constitutionality of I.C. § 19-5307, we do not address the issue because it was not raised below. Waldemar has failed to demonstrate error in the district court's imposition of the civil fine and judgment.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Waldemar's judgment of conviction, sentence, and the civil judgment are affirmed.