IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39921

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 417 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IAN ROBERT LANDON HERBST, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order revoking probation and withheld judgment and imposing consecutive unified sentences of ten years with two and one-half years determinate; ten years indeterminate; five years indeterminate; and five years indeterminate for four counts of burglary, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Ian Robert Landon Herbst pled guilty to four counts of burglary.  Idaho Code § 18-1401. The district court withheld judgment and placed Herbst on probation for thirty years; the district court also placed special conditions on Herbst's probation.  Subsequently, Herbst admitted to violating several terms of his probation and the district court consequently revoked Herbst's withheld judgment and probation and imposed consecutive unified sentences of ten years with two and one-half years determinate; ten years indeterminate; five years indeterminate; and five years indeterminate for the four counts of burglary.  Herbst appeals asserting that the district

1

court abused its discretion by declining to retain jurisdiction and by imposing an excessive sentence.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either by declining to retain jurisdiction or in sentencing. Therefore, the order revoking probation and withheld judgment and imposing sentence is affirmed.