**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43360**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 382** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 10, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JADEAN BINGHAM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and order retaining jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Jadean Bingham pled guilty to burglary, Idaho Code § 18-1401 and possession of a controlled substance, I.C. § 37-2732(c)(1). The district court imposed concurrent unified sentences of seven years with two years determinate, and retained jurisdiction. Bingham appeals asserting that the district court abused its discretion by retaining jurisdiction rather than placing her on probation.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375,

1

379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Bingham's judgment of conviction and order retaining jurisdiction are affirmed.