# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44085, 44086, 44087, & 44088

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 388 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 3, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT ANTONELLI STEADY, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Orders revoking probation, <u>affirmed</u>; judgments of conviction and concurrent unified sentences of ten years, with minimum periods of confinement of five years, for three counts of burglary, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

    In 2013, Robert Antonelli Steady, Jr. pled guilty to one count of grand theft. I.C. § 18-2403(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Steady to a unified term of seven years, with a minimum period of confinement of four years, suspended the sentence and placed Steady on probation.

1

In 2014, Steady entered an *Alford*[1] plea to one count of grand theft. I.C. § 18-2403(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Steady to a unified term of nine years, with a minimum period of confinement of four years, to run concurrent with his 2013 sentence. Steady admitted to violating the terms of his probation in the 2013 case. The district court revoked probation and ordered execution of Steady's previously suspended sentence. However, the district court suspended the sentences and again placed Steady on probation.

In 2015, Steady pled guilty to three counts of burglary. I.C. § 18-2403(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Steady to concurrent unified terms of ten years, with minimum periods of confinement of five years, to also run concurrent with his 2013 and 2014 sentences. Steady admitted to violating the terms of his probation in the 2013 and 2014 cases. The district court revoked probation and ordered execution of the original sentences. Steady filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Steady appealed and all four of his cases were consolidated before this Court.

On appeal, Steady does not challenge the district court's decision to revoke probation in his 2013 and 2014 grand theft cases, but argues only that the district court should have retained jurisdiction. Steady also asserts that his burglary sentences in the 2015 cases are excessive and that the district court should also have retained jurisdiction in these cases.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

Applying these standards, and having reviewed the record in this case, Steady has failed to show that the district court abused its discretion. Therefore, the orders revoking probation and directing execution of Steady's previously suspended sentences and Steady's judgment of conviction and sentences for burglary are affirmed.