**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48036**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 11, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MECHELLA LYNN BOWLIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Mechella Lynn Bowlin appeals from her judgment of conviction for possession of a controlled substance. Bowlin argues the district court abused its discretion by denying her motion to withdraw her guilty plea and by sentencing her to a period of retained jurisdiction. Because the district court did not abuse its discretion in either decision, the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement found a small, clear baggie containing a white crystalline substance on the lobby floor of the Mini-Cassia Criminal Justice Center. Upon review of surveillance video, officers determined that the baggie fell from Bowlin's person as she adjusted her clothing while visiting her boyfriend at the jail. The substance in the baggie tested positive for methamphetamine, and the State charged Bowlin with possession of a controlled substance, a felony.

1

Bowlin pleaded not guilty to the charge and the district court set the matter for trial. On the morning of trial, Bowlin told the district court she wished to enter an *Alford*[1] plea, pursuant to a plea agreement reached with the State. In exchange for Bowlin's plea, the State agreed to recommend a unified sentence of five years, with two years determinate, with the sentence suspended and Bowlin placed on probation.

Because Bowlin changed her plea on the first day of trial, a guilty plea advisory form had not been prepared, so the district court asked Bowlin more questions than was typical during the plea colloquy. The district court noticed Bowlin was emotional during the colloquy, and the court repeatedly offered to give her more time, which Bowlin declined. Bowlin told the court about her history of seizures and that she was currently not taking her medications for the condition, but testified this did not affect her ability to make a reasoned and informed decision related to the plea. The district court and Bowlin proceeded to discuss the inherent stress of making a decision to plead guilty the morning of trial and whether Bowlin had sufficiently consulted with, and had the advice of, counsel during this time:

Court: Okay. All right. And other than the fact that you're talking to a judge on the morning of a trial, is there anything else going on in your life that would make it difficult to make a reasoned and informed decision?
Bowlin: Not to make a decision. Just to make my life difficult.
Court: Okay. And, obviously, we're on the morning of trial. Is there anything that you've asked your lawyer to do, as far as preparing for trial, that he hasn't done up to this point?
Bowlin: No, sir.
Court: And are you satisfied with his representation of you up to this point?
Bowlin: Yes, sir.

In response to the district court's questions, Bowlin testified that she was pleading guilty based on her own free will; no one had forced, threatened, or coerced her into entering the plea; and she was prepared to give up her right to counter the State's case and present evidence on her own behalf. The district court explained that it was not bound to follow the plea agreement and would look to the presentence investigation report (PSI) to help determine the appropriate sentence. Bowlin testified that she understood.

After the plea colloquy, Bowlin entered an *Alford* plea and the State set forth the evidence that it would offer to support the indictment if the case proceeded to trial: a deputy found a

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

suspicious baggie containing what appeared to be an illegal substance in the jail's lobby; the deputy reviewed the security footage from the lobby and determined a visitor dropped the baggie; officers were able to identify the visitor as Bowlin through the identification she provided when visiting the facility; and the contents of the baggie tested positive for methamphetamine. The State told the district court that it was prepared to show the surveillance footage to the jury and by viewing the footage it was possible to track the baggie throughout the time period at issue. The district court accepted Bowlin's guilty plea, ordered a PSI, and set a sentencing date.

Nearly a month later, but before the PSI was filed, Bowlin filed a motion to withdraw her guilty plea. During the hearing on the motion, Bowlin asserted that she wished to withdraw her guilty plea because the presence of the jury placed her under undue pressure to enter a plea; she was not adequately prepared to make the decision to enter a plea at that time; and she was not guilty of the offense. After reviewing the applicable case law, the district court found Bowlin had not provided a just reason to withdraw her guilty plea and denied her motion. At the subsequent sentencing hearing, the district court listened to the parties' arguments, reviewed the PSI, and sentenced Bowlin to a unified term of five years, with two years determinate, and retained jurisdiction. Bowlin timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended

3

time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

## III.

## ANALYSIS

Bowlin argues the district court abused its discretion by denying her motion to withdraw her guilty plea and sentencing her to a period of retained jurisdiction instead of granting probation. In response, the State contends the district court did not abuse its discretion in either decision.

**A.    The District Court Did Not Abuse Its Discretion by Denying Bowlin's Motion to Withdraw Her Guilty Plea**

Bowlin alleges the district court erred when it denied her motion to withdraw her guilty plea because the court did not reach its decision through an exercise of reason. Bowlin argues her assertions to the district court that she was innocent of the charge and felt pressured to plead guilty establish a just reason to withdraw her guilty plea. Additionally, Bowlin contends that consideration of the relevant factors provide further support for allowing her to withdraw her guilty plea. In response, the State contends that the district court did not abuse its discretion by denying Bowlin's motion because all relevant factors weighed against allowing her to withdraw her guilty plea.

Idaho Criminal Rule 33(c) provides the mechanism for a defendant to move to withdraw a guilty plea. Pursuant to this rule, the evidentiary standard applicable to a motion to withdraw a guilty plea depends on whether a defendant files the motion to withdraw a guilty plea before or after sentencing. *State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). If a defendant files a motion to withdraw a guilty plea prior to sentencing, the motion is subjected to a less rigorous burden of proof and the trial court is encouraged to liberally exercise its discretion. *Id.* at 13-14, 437 P.3d at 13-14. The first step in analyzing a motion to withdraw a guilty plea prior to sentencing is to determine whether the plea is constitutionally valid and whether the defendant entered the

4

plea knowingly, intelligently, and voluntarily. *Id.* at 14, 437 P.3d at 14. If the plea is constitutionally valid, the trial court must then determine whether there are any other just reasons for withdrawal of the plea. *Id.* This is a factual determination committed to the trial court's discretion, but among other factors the court should consider: (1) whether the defendant has credibly asserted her legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. *Id.* The good faith, credibility, and weight of the defendant's assertions in support of her motion to withdraw her guilty plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). If the trial court determines that the defendant provided a just reason for withdrawal, the burden shifts to the State to show that prejudice would result if the trial court granted the defendant's motion. *Sunseri*, 165 Idaho at 14, 437 P.3d at 14.

Here, the district court appropriately exercised its discretion when denying Bowlin's motion to withdraw her guilty plea. Although the district court did not explicitly address each of the non-exhaustive factors outlined above, a review of the record shows that the court did not deny Bowlin's motion arbitrarily. The district court outlined case law applicable to a motion to withdraw a guilty plea prior to sentencing. Bowlin sought to withdraw her plea because the stress of the morning of trial caused her duress; she regretted pleading guilty; and she believed there were deficiencies in the State's case. The district court found these reasons did not provide a just reason for withdrawal in light of Bowlin's statements during the change of plea hearing.

On appeal, Bowlin argues that consideration of the relevant, non-exhaustive factors as described above supports allowing her to withdrawal her guilty plea. We disagree. Bowlin's assertions of her innocence were unsupported in light of the State's evidence, *State v. Dopp*, 124 Idaho 481, 486, 861 P.2d 51, 56 (1993) ("a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt"), and she waited nearly a month after entering her guilty plea to seek its withdrawal. The district court found that during the extended colloquy at the change of plea hearing, Bowlin testified that no one had threatened or coerced her into entering her plea: there was nothing going on in her life that would make it difficult to make a reasoned and informed decision; she had the assistance of trial counsel throughout the proceedings; and she was satisfied with her counsel's efforts. The district court

5

acknowledged that "the morning of trial are stressful times. They're stressful times for the Court. They're stressful times for lawyers." But, the court found that Bowlin's stress related to the trial was not a just reason to withdraw the plea. Finally, going to trial would waste significant judicial resources because Bowlin entered her plea the morning her trial was to begin, after both parties and the district court prepared for a three-day trial and seventy-to-eighty members of the community came to the courthouse to potentially serve on the jury for Bowlin's case.

A review of the record shows the district court understood the applicable standards that apply to a motion to withdraw a guilty plea prior to sentencing, considered Bowlin's reasons for seeking withdrawal, assessed the circumstances surrounding her entry of plea, and determined that Bowlin had not asserted a just reason to support her motion. The district court reached its decision through an exercise of reason. Accordingly, the district court did not abuse its discretion by denying Bowlin's motion to withdraw her guilty plea.

**B.     The District Court Did Not Abuse Its Discretion by Sentencing Bowlin to a Period of Retained Jurisdiction**

Bowlin argues the district court abused its discretion by sentencing her to a period of retained jurisdiction instead of placing her on probation. Bowlin alleges the district court did not reach this decision through an exercise of reason because the sentence is excessive under any view of the facts in light of Bowlin's sobriety, stable housing, reliable income, and family support. In response, the State asserts the district court did not abuse its discretion in its sentencing determination.

A review of the record shows the district court did not impose an excessively harsh sentence by retaining jurisdiction. Bowlin pleaded guilty to bringing methamphetamine into a jail facility, her second felony possession of a controlled substance offense. Bowlin's PSI states that Bowlin has a history of severe methamphetamine addiction and poses a moderate risk of recidivism. The PSI raised significant concerns with Bowlin's contacts with the criminal justice system since incurring the felony possession of a controlled substance charge:

> [Bowlin] was charged with Wilful Concealment and Petit Theft in January 2020 and she had a court hearing on February 21, 2020, but failed to appear. A warrant was subsequently issued for her arrest. [Bowlin] does not have an extensive criminal record and completed her prior felony probation with no known significant violations. However, she has now committed another felony crime and recently failed to appear for two misdemeanor crimes. This demonstrates she may not be serious about addressing her criminal conduct when she claimed she wanted

6

to get, "done with court stuff." Because this crime is her second felony conviction for the same offense, it is believed she needs to be held accountable.

Ultimately, the PSI concluded that "based on the level of assessed need and risk, and other protective factors as discussed above, [Bowlin] appears to be a good candidate for an order of retained jurisdiction."

Although Bowlin has stable income, housing, family connections, and previously successfully completed drug court, the nature of this case indicates that Bowlin continues to engage in illegal activity. As the district court noted, through a period of retained jurisdiction, Bowlin would have access to resources to help her accept accountability, provide cognitive behavioral interventions for substance abuse, and treat her mental health issues.

Accordingly, even when considering various mitigating factors, based on the nature of the case, Bowlin's criminal history, her recent interactions with the criminal justice system, the PSI's recommendation, Bowlin's previous success while under strict supervision in drug court, and the resources available to Bowlin through retained jurisdiction, it cannot be said that imposing a period of retained jurisdiction is excessive under any view of the facts. Therefore, the district court did not abuse its discretion by sentencing Bowlin to a period of retained jurisdiction instead of placing her on probation.

## IV.

## CONCLUSION

The district court did not abuse its discretion by denying Bowlin's motion to withdraw her guilty plea or sentencing her to a period of retained jurisdiction. Accordingly, the judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.